IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DANNY LEON LUCAS, 390541,     ) | |
|       Petitioner,     ) | |
|     ) | |
| v.     ) | No. 3:09-CV-2331-B |
|     ) | |
| RICK THALER, Director, Texas     ) | |
| Dept. Of Criminal Justice, Correctional     ) | |
| Institutions Division,     ) | |
|       Respondent.     ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. §636(b), implemented by an Order of the Court, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

**FINDINGS AND CONCLUSIONS:**

**Type of Case:** Petitioner has filed a petition for habeas corpus relief pursuant to 28 U.S.C. § 2254.

**Parties:** Petitioner is a state prisoner, currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ-CID"). Respondent is Rick Thaler, Director of the TDCJ-CID.

**Statement of the Case:** On January 10, 1985, Petitioner was convicted of burglary of a habitation with intent to commit theft and was sentenced to forty years imprisonment. *State of Texas v. Danny Leon Lucas*, No. F84-77156-T (283rd Jud. Dist. Ct., Dallas County, Tex., Jan. 10, 1985). On January 23, 1986, Petitioner's conviction was affirmed on direct appeal. *Lucas v.*

*State*, No. 10-85-076-CR (Tex. App. – Waco, Jan. 23, 1986). Petitioner did not file a petition for discretionary review.

After exhausting his state court remedies, Petitioner filed a federal petition for writ of habeas corpus in federal court. *Lucas v. Johnson*, 3:99-CV-219-T (N.D. Tex., Dallas Div.). On July 26, 1999, the court dismissed the petition as barred by the one-year statute of limitations.

Petitioner now files his second federal habeas petition. He argues: (1) the police line-up was unconstitutionally suggestive; (2) his conviction is the result of mistaken identification; (3) he was denied the right to be present during hearings; and (4) the prosecutor withheld *Brady* evidence.

**Discussion:** The Antiterrorism and Effective Death Penalty Act of 1996 limits the circumstances under which a federal prisoner may file a second or successive motion for post-conviction relief. ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Publ. L. 104-132, 110 Stat. 1214 (1996). A defendant must show that the successive motion is based on: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found him guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court. *See* 28 U.S.C. § 2244(b)(2). Before Petitioner files his application in this Court, a three-judge panel of the Fifth Circuit must determine whether the application makes the requisite prima facie showing. *See* 28 U.S.C. § 2244(b)(3)(A) and (B).

The Fifth Circuit has not issued an order authorizing this Court to consider the successive motion. Petitioner must obtain such an order before another petition for habeas relief under § 2254 is filed.

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge** -2-

**RECOMMENDATION:**

For the foregoing reasons, the undersigned Magistrate Judge hereby recommends that the instant petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 be TRANSFERRED to the United States Court of Appeals for the Fifth Circuit pursuant to *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997).

Signed this 14th day of April, 2010.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).